(June 7, 1912.)

WILLIAM MANGIN, Appellant, v. C. E. KELLOGG, Respondent.

[124 Pac. 651.]

CANCELLATION OF DEED—CONSIDERATION, SUPPORT AND MAINTENANCE—REFORMATION OF CONTRACT.

(Syllabus by the court.)

1. Where M. entered into an agreement with E., whereby he agreed to convey certain real estate to E., and in consideration thereof J. agreed to move upon the real estate and take up his residence there and to support and maintain M. during his lifetime, and M. was to have the rents and profit from one building on the premises and to retain a life estate in the property conveyed, and in consequence of such agreement a warranty deed was made from M. to E. with the understanding and agreement that the same should subsequently be so changed as to reserve a life estate in the property and to conform to the stipulations and agreements; *held*, that in an action by M. to cancel and set aside the deed of conveyance, and on proof of all the facts and circumstances entering into the agree-

ment and its terms and provisions, a court of equity should so reform the conveyance as to reserve a life estate to M. and to provide the terms and conditions of the agreement so entered into, and that J. should be brought into the case and that both E. and J. should be bound by the judgment and decree.

2. Record examined in this case and *held*, that the judgment should be reversed and the cause should be remanded, with direction to the trial court to make an order bringing into the case as a party defendant Joe Kellogg, and that after he is so brought in and a hearing is had, or he admits the facts previously shown with reference to his promises and obligations in the matter, a decree be entered binding upon him as well as the other defendant, and that the deed of conveyance be so reformed as to comply with the terms and provisions of the original agreement and understanding.

APPEAL from the District Court of the Seventh Judicial District for Canyon County. Hon. Ed. L. Bryan, Judge.

Action to cancel deed of conveyance. Judgment for defendant. Plaintiff appealed. *Reversed.*

Griffiths & Griffiths, and B: W. Henry, for Appellant.

Where a father conveys property to his son, or other relative, on condition of his support for life, and the support thereof is rendered impossible of realization, equity will restore the father to his position as owner of the property, and cancel all records that might otherwise be used to his prejudice, on the theory that they are void, and in order to clear away those things which, though void in fact, might, either presently or in the future, be used by the holders thereof wrongfully. (*Glocke v. Glocke*, 113 Wis. 303, 89 N. W. 118, 57 L. R. A. 458; *Lewis v. Wilcox*, 131 Iowa, 268, 108 N. W. 536; *Larkin v. Mullen*, 128 Cal. 449, 60 Pac. 1091; *Richter v. Richter*, 111 Ind. 456, 12 N. E. 698.)

The limited estate which was intended to have been conveyed is now supported by no consideration. And the absolute estate which was mistakenly conveyed was at all times without any consideration whatever. Transactions between parent and child are always closely investigated in equity. (2 Pomeroy's Eq. Juris., sec. 928; *Allore v. Jewell*, 94 U. S. 506, 24 L. ed. 260; *Spargur v. Hall*, 62 Iowa, 498, 17 N. W.

743; Bispham's Prin. Eq., sec. 234; *Thorn v. Thorn*, 51 Mich. 167, 16 N. W. 324.)

Under circumstances similar, but much less impelling, courts have invariably granted relief. (*Griffith v. Godey*, 113 U. S. 89, 5 Sup. Ct. 383, 28 L. ed. 934; *Jacox v. Jacox*, 40 Mich. 473, 29 Am. Rep. 547; *Frazier v. Miller*, 16 Ill. 48; *Oard v. Oard*, 59 Ill. 46; *Sands v. Sands*, 112 Ill. 225; *Odell v. Moss*, 130 Cal. 352, 62 Pac. 555; *Stringfellow v. Hanson*, 25 Utah, 480, 71 Pac. 1052.)

John F. Nugent, and G. W. Lamson, for Respondent.

The relief prayed for in the complaint is the cancellation of the deed, and from the facts herein stated there is absolutely nothing in this suit that would warrant a court of equity in granting such relief. (*Turner v. Gumbert*, 19 Ida. 339, 114 Pac. 33; *Kelly v. Perrault*, 5 Ida. 221, 48 Pac. 45; *Curtis v. Kirkpatrick*, 9 Ida. 629; 13 Cyc. 574; *County of Ada v. Bullen Bridge Co.*, 5 Ida. 818, 75 Pac. 760; *Miller v. Kettenbach*, 18 Ida. 253, 138 Am. St. 192, 109 Pac. 505.)

A court of equity will not interfere to decree the cancellation of a written instrument unless some special circumstance is shown to exist establishing the necessity of a resort to equity to prevent irreparable injury. (*San Diego Flume Co. v. Souther*, 90 Fed. 166, 32 C. C. A. 548, 104 Fed. 706, 44 C. C. A. 143; *Insurance Co. v. Reals*, 79 N. Y. 202; *Ryerson v. Willis*, 81 N. Y. 277; *Johnson v. Murphy*, 60 Ala. 288; *Kimball v. West*, 15 Wall. 377, 21 L. ed. 95; *Atlantic Delaine Co. v. James*, 94 U. S. 207, 24 L. ed. 112.)

The deed should be reformed so as to express the agreement and the intention of the parties, and a court of equity has jurisdiction to so decree in this suit, as it has jurisdiction of the subject matter and of the parties, and should finally determine the controversy in order to avoid the possibility of future litigation as well as the expense of the administration of Mrs. Mangin's estate.· (*Pence v. Sweeney*, 3 Ida. 181, 28 Pac. 413; *Burke v. Wells-Fargo Co.*, 7 Ida. 42, 60 Pac. 87; *Flood v. Templeton*, 152 Cal. 148, 92 Pac. 78, 13 L. R. A., N.

S., 579; *Smith Canal Co. v. Colorado etc. Co.,* 34 Colo. 485, 82 Pac. 943, 3 L. R. A., N. S., 1148.)

Although the pleadings make no reference to any mistake, a court of equity would be justified in decreeing a reformation of the deed to accord with the intentions of the parties, and thereby settle this controversy finally. (*Christensen v. Hollingsworth,* 6 Ida. 87, 96 Am. St. 256, 53 Pac. 211; *Kemper etc. Dry Goods Co. v. Kennard Grocery Co.,* 68 Mo. 290; 13 Cyc. 572.)

AILSHIE, J.—This action was commenced by the appellant for the purpose of securing the cancellation of a deed previously executed by him and delivered to C. E. Kellogg, the respondent. Appellant is an elderly man, some eighty years of age, and the respondent is his stepson. The appellant and respondent's mother were married when the respondent and his three brothers, Warren, Joe and George, were small boys. The Kellogg children, of whom respondent is one, were reared by appellant and were treated by him as his own children. He lived in Jordan Valley, Or., for many years, and he and his wife there acquired considerable property. They thereafter sold their property and purchased property in Nampa, Idaho, where they resided at the time of the death of appellant's wife, the mother of respondent. On the day of the funeral of Mrs. Mangin, and during the late afternoon of that day, which was about the 21st of July, 1909, Mangin and C. E. Kellogg, the respondent, had a discussion over the disposition of certain lots owned by appellant in the city of Nampa on which was situated two residences. It appears that Ed, the respondent, had done more for his stepfather and mother than had any of the other boys, and the old gentleman felt that he was under more obligations to Ed than to any one of the others, and so he agreed that if it was satisfactory with all the boys he would deed the property here in controversy to Ed and retain therein a life interest to himself, upon the condition and in consideration of Joe and wife coming to Nampa and occupying one of the houses on the premises and caring for and supporting the old man

during the remainder of his life, and that the old man should have the rents from the house, which they designated the "big house" and which was the house that was not to be occupied by Joe and his wife.

It seems quite clear from the evidence,—and, indeed, is not disputed,—that the foregoing is substantially the understanding and agreement had between them. In pursuance of the terms of that agreement, during the same afternoon, the appellant Mangin went in company with Joe, Ed, Warren and George to the office of E. R. Brace, in the city of Nampa, who was a real estate broker and notary public, and stated substantially the terms of their agreement and asked Brace to draw a deed to that effect. Brace advised them that he did not feel competent to draw such a deed; that he was not sufficiently familiar with conveyancing to draw a valid deed containing these reservations and conditions, and he suggested that they go to the office of G. W. Lamson, an attorney at law. They thereafter went to Lamson's office, and explained to him the kind of deed they wanted, and he advised them that he could not draw the kind of deed they wanted that night and that they might come back the next morning and he would make them the proper deed. It seems that they went away, and thereafter, and later in the evening, one of the Kellogg boys went to Lamson's residence and advised him that they must have the deed executed that evening, for the reason that the boys wanted to go away as soon as possible. Lamson explained to them that he could make them a straight warranty deed that evening and that they might make the change at some future time or make a new deed providing for the life estate and containing the conditions and terms of their agreement. It was accordingly agreed that the warranty deed should be made and executed, which was accordingly done that evening. Joe, Warren and George left the same evening for Jordan Valley and Ed left the following morning for Gooding, Idaho, where he then resided. In pursuance of the agreement and understanding, Joe and wife thereafter moved to Nampa and took up their residence in one of the houses covered by this convey-

ance. The old man soon thereafter became dissatisfied and demanded a reconveyance of the property. Upon refusal to reconvey, this action was commenced to cancel the deed. After trial the judge of the lower court found the facts substantially as above stated. He thereupon entered judgment denying the relief prayed for.

The Kellogg boys all testified that it was agreed and understood that Joe and wife should occupy one of the houses on this property and should support and take care of their stepfather during the remainder of his life, and that this was the chief consideration for the making of the deed of conveyance. The court finds this to be the fact. Joe Kellogg, however, was not made a party to the action, and so no judgment was entered that would be binding upon him. It is urged upon this appeal that the deed should be canceled, for the reason that it was never intended to give an unconditional warranty deed to this property, and that it was always agreed and understood that the appellant should retain a life estate therein. It is also contended that the finding as to the consideration that Joe Kellogg and wife were to take care of appellant and support him is immaterial, and has no bearing in this case, for the reason that Joe Kellogg was not a party to the action.

We have been unable to find from the record where any deception or fraud or imposition has been practiced in this case. The appellant seems to have been in possession of his faculties and to have known what he was doing, and to have intended to convey his property, and he understood the nature of the transaction. There has been no purpose or inclination, apparently, on the part of the Kellogg boys to deviate from or avoid any of the terms of their agreement or stipulation with reference to taking care of their stepfather. They still offer to do their part, and have offered to convey a life estate in the property to Mangin. On the other hand, it is equally clear that the conveyances thus far made do not clearly cover all the terms and provisions of their understanding and agreement. Neither does the decree in this case meet all the provisions and terms of their understanding and agreement.

In the first place, Joe Kellogg should have been brought in as a party to this action, so that any judgment which might be entered would be binding against him as well as against Ed. In the second place, the deed ought to have been reformed so as to reserve a life estate in the appellant Mangin, and the decree ought to adjudge and decree the duty and obligation of Ed and Joe Kellogg to support and provide for Mangin during the remainder of his life, with the proviso that appellant shall have the rents from one of the houses during the balance of his life. When such a decree is entered, the court of equity will have the power and authority to execute and enforce the decree in case of a failure or refusal to comply with the terms of this contract at any time in the future. The contract has apparently been fair and open, equitable and just, and we see no reason why all parties should not be held to its terms. During the trial Ed filed a written offer to execute and deliver to appellant a deed of a life estate in the property containing the stipulations and agreements as they had been agreed upon. The brothers seem to have all agreed to the transaction, and to have also agreed that the deed should be made in favor of Ed, and that Joe and wife should reside in one of the houses and take care of the old man. While it does not appear what their agreement was between themselves or the consideration which passed between them, or anything of that kind, that is wholly immaterial for the purposes of this case. So long as it was satisfactory to them that the consideration should move from one of them, namely, from Joe, and that the conveyance should be made to the other, namely, to Ed, it was competent for them to agree among themselves to that effect, and no question arises in this case as to the consideration passing from Mangin to a party other than the one to whom the conveyance was made. It will suffice for the purposes of this case if the parties to be charged with the maintenance of appellant be all made parties to the action so as to be bound by the judgment.

A great many authorities have been cited dealing with the question of a conveyance from a parent to a child in consideration of support and maintenance where conditions sub-

sequently arise which make it impossible that the maintenance and support which constituted the consideration for the transaction can be given by the party promising the same. That condition does not confront us in this case. While the old gentleman says he cannot and will not live with Joe and wife, that is a mere assertion; and even if he should not do so, it is by no means conclusive that they could not or would not support and provide for him. That condition, however, does not seem to be brought about by any action of the boys; it is probably a whim or fancy of the old man's which will pass away when this matter is settled.

The judgment should therefore be reversed, and it is so ordered, and the cause is hereby remanded to the district court with directions that if Joe Kellogg submits himself to the jurisdiction of the court and consents to the entry of decree as above indicated binding on him, that findings and decree be entered accordingly. If he does not do so, Joe Kellogg should be brought in and made a party by order of the court, and a new trial should be had upon the issues joined after such additional party is brought in. Costs awarded in favor of appellant.

Stewart, C. J., and Sullivan, J., concur.